### UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF MISSOURI

| | |
|---|---|
| Laura Guempel, individually and on behalf of all others similarly situated,<br><br>        Plaintiff(s),<br><br>  -v.-<br><br>Medicredit, Inc.,<br><br>        Defendant(s). | C.A. No: 4:23-cv-107<br><br>**CLASS ACTION COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Laura Guempel (hereinafter, "Plaintiff"), brings this Class Action Complaint by and through her attorneys, against the Defendant Medicredit, Inc. (hereinafter, "Defendant" or "Medicredit"), individually and on behalf of a class of all others similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure, based upon information and belief of the Plaintiff's counsel, except for allegations specifically pertaining to the Plaintiff, which are based upon the Plaintiff's personal knowledge.

### INTRODUCTION

1. Congress enacted the Fair Debt Collection Practices Act ("FDCPA") in 1977 in response to the "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. §1692(a). At that time, Congress was concerned that "abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." *Id.* Congress concluded that "existing laws…[we]re inadequate to protect consumers," and that "the effective collection of debts" does not require "misrepresentation or other abusive debt collection practices." 15 U.S.C. §§ 1692(b) & (c).

2. Congress explained that the purpose of the FDCPA was not only to eliminate abusive debt collection practices, but also to "insure that those debt collectors who refrain from using

1

abusive debt collection practices are not competitively disadvantaged." ld. § 1692(e). After determining that the existing consumer protection laws were inadequate, Congress created a private cause of action to provide consumers with a remedy against debt collectors who fail to comply with the FDCPA. Id. § 1692k.

## JURISDICTION AND VENUE

3.    The Court has jurisdiction over this class action pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692 et. seq.  The Court has pendent jurisdiction over any state law claims in this action pursuant to 28 U.S.C. § 1367(a).

4.    Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2) as this is where the Plaintiff resides as well as where a substantial part of the events or omissions giving rise to the claim occurred.

## NATURE OF THE ACTION

5.    Plaintiff brings this class action on behalf of a class of Missouri consumers under § 1692 et seq. of Title 15 of the United States Code, commonly referred to as the FDCPA.

6.    Plaintiff is seeking damages and declaratory relief.

## PARTIES

7.    Plaintiff is a resident of the State of Missouri, County of St. Louis.

8.    Defendant Medicredit is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692(a)(6) and used in the FDCPA with an address for service of process located at c/o STK Registered Agent, Inc., 900 West 48th Place, Suite 900, Kansas City, Missouri 64112.

9.    Upon information and belief, Defendant Medicredit is a company that uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due another.

## CLASS ALLEGATIONS

10.     Plaintiff brings this claim on behalf of the following Class, pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3).

11.     The Class consists of:

    a.   all individuals with addresses in Missouri;

    b.   to whom the Defendant Medicredit sent a collection letter attempting to collect a consumer debt;

    c.   which letter purports to validate the debt of a deceased spouse as if the individual is personally liable;

    d.   but provides an account number that conflicts with the purported debt account number;

    e.   which letter was sent on or after a date one (1) year prior to the filing of this action and on or before a date twenty-one (2l) days after the filing of this action.

12.     The identities of all class members are readily ascertainable from the records of the Defendant and those companies and entities on whose behalf it attempts to collect and/or have purchased debts.

13.     Excluded from the Plaintiff Class are the Defendant and all officers, members, partners, managers, directors and employees of the Defendant and their respective immediate families, and legal counsel for all parties to this action, and all members of their immediate families.

14.     There are questions of law and fact common to the Plaintiff Class, which common issues predominate over any issues involving only individual class members. The principal issue

is whether the Defendant's written communications to consumers, in the form attached as Exhibit A, violate 15 U.S.C. §§ l692e and 1692g.

15.    Plaintiff's claims are typical of the class members, as all are based upon the same facts and legal theories. Plaintiff will fairly and adequately protect the interests of the Plaintiff Class defined in this complaint. Plaintiff has retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiff nor her attorneys have any interests, which might cause them not to vigorously pursue this action.

16.    This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

a.    **Numerosity:** Plaintiff is informed and believes, and on that basis alleges, that the Plaintiff Class defined above is so numerous that joinder of all members would be impractical.

b.    **Common Questions Predominate:** Common questions of law and fact exist as to all members of the Plaintiff Class and those questions predominate over any questions or issues involving only individual class members. The principal issue is whether the Defendant's written communications to consumers, in the form attached as Exhibit A, violate 15 U.S.C. §§ l692e and 1692g.

c.    **Typicality:** Plaintiff's claims are typical of the claims of the class members. Plaintiff and all members of the Plaintiff Class have claims arising out of the Defendant's common uniform course of conduct complained of herein.

d.    **Adequacy:** Plaintiff will fairly and adequately protect the interests of the class members insofar as the Plaintiff has no interests that are averse to the absent class

members. Plaintiff is committed to vigorously litigating this matter. Plaintiff has also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither the Plaintiff, nor her counsel, have any interests that might cause them not to vigorously pursue the instant class action lawsuit.

e. **Superiority:** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender.

17.     Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff Class predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

18.     Depending on the outcome of further investigation and discovery, Plaintiff may, at the time of class certification motion, seek to certify a class(es) only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

## FACTUAL ALLEGATIONS

19.     Plaintiff repeats the allegations above as if set forth here.

20.     Some time prior to September 20, 2022, an obligation was allegedly incurred to the original creditor, St Marys Hospital – St. Louis ("Creditor"), a non-party to the instant suit.

21.     Upon information and belief, the subject obligation arose out of consumer services. The subject debt was incurred by the Plaintiff's deceased husband solely for personal, household or family purposes, specifically medical care.

22.     Plaintiff's deceased husband was a "consumer" as defined by 15 U.S.C. § 1692a(3).

23.     The subject obligation is consumer-related, and is therefore a "debt" as defined by 15 U.S.C. § 1692a(5).

24.     Upon information and belief, Creditor retained Defendant for the purpose of debt collection. Therefore, Defendant Medicredit is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

25.     Defendant uses the instrumentalities of interstate commerce or the mail in its business, the principal purpose of which is the collection of consumer debts. Defendant also regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another. Therefore, Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

*Violations – October 26, 2022 Collection Letter*

26.     On or about October 26, 2022, Defendant sent the Plaintiff a collection letter (the "Letter") regarding the debt allegedly owed to Creditor. (*See* "Letter" at Exhibit A).

27.     The Letter sets forth that the purpose of the communication is to collect a debt.

28.     The Letter sets forth that it is a response to the Plaintiff's dispute or request for validation.

29.     However, the account number set forth in the Letter does not match the account number that is the subject of the collection.

30.    Specifically, the Letter references an account number ending in 6026, but the Defendant previously indicated that it was collecting an account number ending in 0310.

31.    Moreover, the Letter purports to collect from the Plaintiff as if she is personally liable for this alleged debt of her deceased husband.

32.    Upon information and belief, Plaintiff is not personally liable for this alleged debt that has not even been properly validated.

33.    The Letter leaves the Plaintiff with only one option which is to call the Defendant to get even the most basic information about this debt.

34.    Plaintiff was fearful to call and be pressured to take an action she may not have wanted to take.

35.    The conflicting account numbers left the Plaintiff concerned that the Letter was fraudulent and/or a scam.

36.    Plaintiff therefore was unable to make payment on the debt.

37.    Providing the consumer with the correct account number of the debt is the most basic step to validating the debt.

38.    In reliance on the Letter, Plaintiff expended time and money in an effort to mitigate the risk of future financial harm in the form of dominion and control over her funds.

39.    In reliance on the Letter, Plaintiff spent time and money in an effort to mitigate the risk of future reputational and financial harm, in the form of the Defendant's negative credit information furnishment, and ultimate dissemination to third parties.

40.    Plaintiff also suffered from fear, anxiety and stress, which manifested physically in the form of increased heartrate, because of the Defendant's improper acts.

41.    Congress is empowered to pass laws and is well-positioned to create laws that will better society at large.

42.    The harms caused by the Defendant have a close relationship to harms traditionally recognized as providing a basis for a lawsuit in American courts.

43.    As it relates to this case, the common-law analogues are to the traditional torts of fraud, misrepresentation, negligent infliction of emotional distress, conversion and defamation.

44.    For purposes of this action, only a close relationship to common-law harm is needed, not an exact duplicate.

45.    Plaintiff is entitled to receive proper notice of the character and amount of the debt, as required by the FDCPA.

46.    Defendant failed to effectively inform the Plaintiff of this information, and in fact, attempted to conceal it in violation of the law.

47.    These violations by the Defendant were unconscionable, knowing, willful, negligent and/or intentional, and the Defendant did not maintain procedures reasonably adapted to avoid any such violations.

48.    Defendant's collection efforts with respect to this alleged debt from the Plaintiff caused the Plaintiff to suffer concrete and particularized harm, inter alia, because the FDCPA provides the Plaintiff with the legally protected right to not to be misled or treated unfairly with respect to any action for the collection of any consumer debt.

49.    Defendant's deceptive, misleading and unfair representations with respect to its collection efforts were material misrepresentations that affected and frustrated the Plaintiff's ability to intelligently respond to the Defendant's collection efforts because the Plaintiff could not adequately respond to the Defendant's demand for payment of this debt.

50.    As described above, Plaintiff was misled to her detriment by the statements in the Letter, and relied on the contents of the Letter to her detriment.

51.    As described above, the Plaintiff would have pursued a different course of action were it not for the Defendant's violations.

52.    As a result of the Defendant's deceptive, misleading, unfair, unconscionable, and false debt collection practices, Plaintiff has been damaged.

**COUNT I**
**VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**
**15 U.S.C. §1692e** *et seq.*

53.    Plaintiff incorporates by reference paragraphs 1-52 of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

54.    Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692e.

55.    Pursuant to 15 U.S.C. §1692e, a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

56.    Defendant violated §1692e:

    a.    As the Letter falsely represents the true character and/or amount of the debt in violation of §1692e(2)(A); and

    b.    By making false and misleading representations/omissions in violation of §1692e(10).

57.    By reason thereof, Defendant is liable to the Plaintiff for judgment in that the Defendant's conduct violated Section 1692e et seq. of the FDCPA, and that the Plaintiff is entitled to actual damages, statutory damages, costs and attorneys' fees.

## COUNT II
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. §1692g *et seq.*

58.     Plaintiff incorporates by reference paragraphs 1-57 of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

59.     Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692g.

60.     Pursuant to 15 U.S.C. § 1692g:

> Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing –
>
> 1. The amount of the debt;
>
> 2. The name of the creditor to whom the debt is owed;
>
> 3. A statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt-collector;
>
> 4. A statement that the consumer notifies the debt collector in writing within thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

5. A statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

61. Defendant violated this section by continuing to collect the debt from the Plaintiff without providing proper validation, including the correct account number/information, following the Plaintiff's dispute and/or request for validation.

62. By reason thereof, Defendant is liable to the Plaintiff for judgment that the Defendant's conduct violated Section 1692g et seq. of the FDCPA, and that the Plaintiff is entitled to actual damages, statutory damages, costs and attorneys' fees.

## DEMAND FOR TRIAL BY JURY

63. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, the Plaintiff hereby requests a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Laura Guempel, individually and on behalf of all others similarly situated demands judgment from the Defendant as follows:

1. Declaring that this action is properly maintainable as a Class Action and certifying the Plaintiff as Class representative, and the undersigned counsel, as Class Counsel;

2. Awarding the Plaintiff and the Class statutory damages;

3. Awarding the Plaintiff and the Class actual damages;

4. Awarding the Plaintiff costs of this Action, reasonable attorneys' fees and expenses;

5. Awarding pre-judgment interest and post-judgment interest; and

6.    Awarding the Plaintiff and the Class such other and further relief as this Court may deem just and proper.

Dated: January 31, 2023

Respectfully Submitted,
**Stein Saks, PLLC**
/s/ Yaakov Saks
Yaakov Saks, Esq.
One University Plaza, Suite 620
Hackensack, NJ 07601
P. (201) 282-6500
ysaks@steinsakslegal.com
*Counsel for Plaintiff*