UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

LAURA GUEMPEL, individually and on )
Behalf of all others similarly situated, )
                                       )
        Plaintiff,                     )
                                       )
v.                                     )        Case No. 4:23CV107 HEA
                                       )
MEDICREDIT, INC.,                      )
                                       )
        Defendant,                     )

## MEMORANDUM AND ORDER

This matter is before the Court on Defendant's Motions to Dismiss, [Doc.

No 10], under Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter

jurisdiction. Plaintiff sued Defendant for unfair debt-collection practices alleging

violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq.

("FDCPA"). Doc. [1]. She brought this putative class action case seeking to

represent similarly situated individuals. For the following reasons, the Court grants

the Motion and concludes Plaintiff lacks standing.

### Facts and Background

Plaintiff's Complaint alleges the following:

Some time prior to September 20, 2022, an obligation was allegedly incurred

to the original creditor, St Mary's Hospital – St. Louis ("Creditor"). The subject

debt was incurred by Plaintiff's deceased husband solely for personal, household.

or family purposes, specifically medical care. Plaintiff's deceased husband was a

"consumer" as defined by 15 U.S.C.§ 1692a(3). The subject obligation is

consumer-related and is therefore a "debt" as defined by 15 U.S.C.§ 1692a(5).

Creditor retained Defendant for the purpose of debt collection. Defendant is

a "debt collector" as defined by 15 U.S.C.§ 1692a(6). Defendant uses the

instrumentalities of interstate commerce or the mail in its business, the principal

purpose of which is the collection of consumer debts. Defendant also

regularly collects or attempts to collect, directly or indirectly, debts owed or due or

asserted to be owed or due another. Defendant is a "debt collector" as defined by

15 U.S.C.§ 1692a(6).

On October 26, 2022, Defendant sent Plaintiff a collection letter (the

"Letter") regarding the debt allegedly owed to Creditor. The Letter sets forth that

the purpose of the communication is to collect a debt. The Letter also sets forth that

it is a response to the Plaintiff's dispute or request for validation.

The account number set forth in the Letter does not match the account

number that is the subject of the collection. Specifically, the Letter references an

account number ending in 6026, but Defendant previously indicated that it was

2

collecting an account number ending in 0310. The Letter purports to collect from

Plaintiff as if she is personally liable for this alleged debt of her deceased husband.

Plaintiff is not personally liable for this alleged debt that has not been properly

validated. The Letter leaves Plaintiff with only one option which is to call

Defendant to get even the most basic information about this debt.

Plaintiff was fearful to call and be pressured to take an action she may not

have wanted to take. The conflicting account numbers left Plaintiff concerned that

the Letter was fraudulent and/or a scam. Plaintiff therefore was unable to make

payment on the debt.

In reliance on the Letter, Plaintiff expended time and money in an effort to

mitigate the risk of future financial harm in the form of dominion and control over

her funds. In reliance on the Letter, Plaintiff spent time and money in an effort to

mitigate the risk of future reputational and financial harm, in the form of the

Defendant's negative credit information furnishment, and ultimate dissemination to

third parties. Plaintiff also suffered from fear, anxiety, and stress, which manifested

physically in the form of increased heartrate, because of Defendant's improper

acts.

Based on these facts, Plaintiff filed suit against Defendant, asserting claims under

Sections 1692e and 1692gof the FDCPA. Specifically, Plaintiff alleged Defendant

violated the FDCPA by sending her the Letter that falsely represents the true

3

character and/or amount of the debt in violation of 1692e(2)(A) and by making false and misleading representations/omissions in violation of 1692e(1). (Count I), and by continuing to collect the debt from Plaintiff without providing proper validation, including the correct account number/information, following Plaintiff's dispute and/or request for validation. (Count II). Plaintiff's claimed injuries are that she expended time and money, and also suffered from fear, anxiety, and stress, which manifested physically in the form of increased heartrate. In the current Motion, Defendant argues Plaintiff has not alleged a particularized, concrete injury in-fact, and therefore, she lacks Article III standing.

## Legal Standard

Under Federal Rule of Civil Procedure 12(b)(1), Defendant asserts the Court does not have subject matter jurisdiction because Plaintiff lacks standing to pursue her claims. U.S. Const. art. III, § 2. To establish standing, Plaintiff must show: (i) that she "suffered an injury in fact that is concrete, particularized, and actual or imminent"; (ii) that the injury likely was caused by Defendant; and (iii) that judicial relief likely would redress the injury. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560–61 (1992). Plaintiff, as the party invoking federal jurisdiction, "bears the burden of establishing" all three elements. *Id*. at 561.

It is elementary that "[a]rticle III standing requires a concrete injury even in the context of a statutory violation," *Spokeo, Inc. v. Robins*, 578 U.S. 330, 341

(2016), so alleged violations of the FDCPA "do not alone provide standing,"

*Bassett v. Credit Bureau Services, Inc.*, 60 F.4th 1132, 1136 (8th Cir. 2023) (citing

*Spokeo*, 578 U.S. at 341). This is because "under Article III, an injury in law is not

an injury in fact." *TransUnion LLC v. Ramirez*, 141 S. Ct. 2190, 2205 (2021).

"[T]he injury-in-fact requirement requires a plaintiff to allege an injury that is both

'concrete and particularized.' " *Spokeo*, 578 U.S. at 341 (citing *Friends of the*

*Earth, Inc. v. Laidlaw Env't Servs. (TOC), Inc.*, 528 U.S. 167, 180–81 (2000)).

"Both tangible and intangible injuries can be concrete." *Demarais v. Gurstel*

*Chargo*, P.A., 869 F.3d 685, 690 (8th Cir. 2017). The "most obvious" kind of

concrete harms are "traditional tangible harms, such as physical harms and

monetary harms." *TransUnion*, 141 S. Ct. at 2204. Intangible harms, on the other

hand, are concrete when the plaintiff points "to an injury that 'has a "close

relationship" to a harm "traditionally" recognized as providing a basis for a lawsuit

in American courts.' " *Bassett*, 60 F.4th at 1136 (quoting *TransUnion*, 141 S. Ct. at

2204).

### Discussion

Defendant argues Plaintiff has not alleged a particularized, concrete injury

in-fact, and therefore, that she lacks Article III standing. In response, Plaintiff does

not discuss standing at all, rather, Plaintiff argues her Complaint contains the

necessary elements to state a cause of action.

5

The failure of Plaintiff to discuss her Article III standing is sufficient for the Court to grant Defendant's Motion, but even so, the Court finds the allegations in the Complaint are insufficient to establish Plaintiff indeed has standing to bring this action.

While both tangible and intangible types of injuries may establish standing under the FDCPA, see, e.g., *Demarais*, 869 F.3d at 692, the Court concludes Plaintiff failed to establish concrete injuries.

As to tangible injuries, Plaintiff's sole allegation is that she suffered a loss of "money." Plaintiff alleges no facts establishing what this entails in any way. While out-of-pocket expenses have been recognized, Plaintiff provides no factual allegations showing that her loss of money, too, would confer standing. See, e.g., *Demarais*, 869 F.3d at 693 (tangible harm from costs for time and money required to defend against unjustified legal action). Nor does Plaintiff allege facts on which the Court could even infer any tangible expenses here.

As to emotional harm, Plaintiff's allegations on this point are that she experienced "fear, anxiety, and stress, which manifested physically in the form of increased heartrate ." Plaintiff's bare allegations are not a cognizable concrete injury. *Garland v. Orlans, PC*, 999 F.3d 432, 439 (6th Cir. 2021). Moreover, Courts of Appeals have consistently rejected the theory that emotions, such as "confusion" and "worry," alone, establish concrete injuries. *Perez v. McCreary, Veselka, Bragg*

6

*& Allen, P.C.*, 45 F.4th 816, 824 (5th Cir. 2022); *Pierre v. Midland Credit Mgmt.,*

*Inc.*, 29 F.4th 934, 939 (7th Cir. 2022); *Garland v. Orlans, PC*, 999 F.3d 432, 438

(6th Cir. 2021). The Court of Appeals for the Eighth Circuit appears to endorse

these holdings such that allegations of "negative emotions," alone, are insufficient

to state a cognizable injury under Article III. See *Ojogwu v. Rodenburg L. Firm*, 26

F.4th 457, 463 (8th Cir. 2022) (citing *Buchholz v. Meyer Njus Tanick, PA*, 946 F.3d

855, 864 (6th Cir. 2020) and *Pennell v. Global Trust Management, LLC,* 990 F.3d

1041, 1045 (7th Cir. 2021)).

## Conclusion

In conclusion, Plaintiff's bare allegations of injury that stem from receipt of

one letter sent in violation of the FDCPA is insufficient to establish standing.

Without a concrete injury in-fact, the Court would be authorizing any plaintiff to

sue a defendant for compliance with regulatory law, instead of seeking to remedy

harm to his or herself. *Bassett*, 60 F.4th at 1137 ("An uninjured plaintiff who sues

... is ... not seeking to remedy any harm to herself but instead is merely seeking to

ensure a defendant's compliance with regulatory law" (quoting *TransUnion,* 141 S.

Ct. at 2206)). Such a result is disharmonious with Article III standing and to the

Constitution's separation of powers. *TransUnion*, 141 S. Ct. at 2206–07. Because

Plaintiff's allegations do not show she suffered a concrete injury in-fact as a result

of the alleged statutory violations, she lacks Article III standing.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motions to Dismiss, [Doc.

No. 10], is **GRANTED.**

A separate Order of Dismissal is entered this same date.

Dated this 31st day of January,  2024.


_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE